# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOSSE,<br><br>         Plaintiff,<br><br>vs.<br><br>DEPUTY CHIEF WARDEN RANDY BLADES, ICIO-WARDEN CARLIN, ICC-WARDEN McKAY, CONTRACTS WARDEN HIGGINS and HANSEN,<br><br>         Defendants. | Case No. 1:19-cv-00270-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Michael E. Bosse, a prisoner in custody of the Idaho Department of Correction (IDOC), filed a civil rights action and a request to proceed in forma pauperis. Dkts. 1, 2. The Court is required to review prisoner and pauper complaints seeking relief against a government entity or official to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915. The Court must dismiss a complaint that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

# REVIEW OF COMPLAINT

1. **Standard of Law**

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

    Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse

of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

A plaintiff must allege facts showing how each defendant personally violated his constitutional rights. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

There is no respondeat superior liability under §1983, meaning a supervisor cannot be sued simply because he or she is a supervisor. *Id*. Rather, a plaintiff must allege facts showing that a supervisor participated in an alleged constitutional violation by: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205-09 (9th Cir. 2011) (internal quotations and punctuation omitted).

A plaintiff cannot simply restate these standards of law in a complaint; instead, a plaintiff must provide specific facts supporting the elements of such a claim. He or she must allege facts showing a causal link between the Defendant and the injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

## 2. Factual Allegations

Plaintiff asserts that, after his assault at an Idaho state prison in January 2017, prison officials refused to tell him the identity of the person who assaulted him and refused to put a flag in his file indicating that he should never be housed with the assailant again. Plaintiff alleges that he suffered serious injuries. He wants to ensure that he is not housed near the assailant now or in the future.

Plaintiff was transferred to a Texas prison facility to alleviate crowding in the Idaho prisons. He asserts that he has a Montana detainer lodged against him, and he asked Idaho officials to send him to Montana to answer charges under the detainer, rather than send him to Texas. The Idaho officials ignored his request and sent him to Texas.

Plaintiff alleges that, in the Texas facility, he is housed with prisoners who should be in a maximum-security facility. He fears that his assailant is also housed with him, but he does not know his assailant's identity. Plaintiff contends that, because he is a sex offender, he is at a great risk of being assaulted again, and he faults Idaho officials for not acting proactively to protect him from potential future harm.

In prison officials' Grievance response, they say that there is no record that Plaintiff was ever assaulted at the Idaho prison in January 2017. Officials also say that, although Plaintiff did make allegations that he was being threatened, he refused to disclose who made the threats. Dkt. 1-1, p. 6.

## 3. Discussion

### A. Detainer

The Idaho Court of Appeals has explained the detainer process under the Interstate

Agreement on Detainers Act (IAD) as follows:

> The IAD sets forth procedures by which a state with untried charges pending against a defendant (the receiving state) may request and obtain temporary custody from a state in which the defendant is then incarcerated (the sending state) and establishes time limits for commencement of the defendant's trial in the receiving state. *See* I.C. § 19-5001. Once a detainer has been lodged against a defendant by the receiving state, the defendant may initiate proceedings to require the defendant's transfer to that state for resolution of the charges there. The defendant's right to a speedy resolution of the charges in the receiving state is governed by I.C. § 19-5001(c). Pursuant to subsection (c)(1), a defendant is required to be brought to trial within 180 days after the defendant shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the defendant's imprisonment and the defendant's request for a final disposition of the untried charges. The written notice and request for final disposition shall be given or sent by the defendant to the warden, commissioner of corrections or other official having custody of the defendant, who is required to promptly forward the written notice and request for final disposition to the appropriate prosecuting official and court. I.C. § 19-5001(c)(2).

*Peterson v. State*, 73 P.3d 108, 110–11 (Idaho Ct. App. 2003). A violation of the terms of the IAD can be the basis for a civil rights lawsuit under 42 U.S.C. § 1983. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981).

Plaintiff provides no information about the alleged detainer lodged against him. He will be given leave to file an amended complaint and provide a copy of the detainer documents to the Court for review. Failure to adequately clarify the claims contained in the Complaint and provide a copy of the detainer will result with dismissal of the Complaint for failure to state a claim upon which relief can be granted. The only defendants who should be included in the amended complaint are those who knew of and ignored the detainer.

### B. *Failure to Protect*

Prisoners are protected by the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Supreme Court of the United States has made it clear that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners" because prison officials have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." *Farmer*, 511 U.S. at 833 (internal quotation marks omitted).

To meet the Eighth Amendment standard, a prisoner must bring forward facts to support an objective prong and a subjective prong. Both prongs must be satisfied to prevail.

The objective "sufficiently serious deprivation" prong is met by showing that a prisoner "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*, 511 U.S. at 834. It is enough for the prisoner to demonstrate that he is being exposed to a substantial risk of serious harm. *See Gibson v. Cnty. of Washoe*, Nev., 290 F.3d 1175, 1193 (9th Cir. 2002). That is, if an inmate faces an ongoing substantial risk of serious harm, he need not wait until he actually suffers that harm before asserting a deliberate indifference claim. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) (observing that the Eighth Amendment protection against "future harm to inmates is not a novel proposition").

The subjective prong of the test is met when facts demonstrate "deliberate indifference"—meaning that an official knows of and disregards a serious medical condition or that an official is "aware of facts from which the inference could be drawn

that a substantial risk of harm exists," and actually draws such an inference. *Farmer*, 511 U.S. at 838.

Here, Plaintiff alleges that he is in danger because prison officials have not flagged his institutional file to show that he should not be housed with the person who assaulted him. Plaintiff also alleges that he is in danger of harm from maximum-security prisoners, who, he alleges, should not be housed with medium- or minimum-security prisoners.

Idaho prison officials have advised Plaintiff to notify Texas prison officials of any immediate potential threats to his person. Idaho prison officials assert that they are unaware of any threats because Plaintiff has not revealed the names of any prisoners who have threatened him, and they assert that Plaintiff was never assaulted in prison.

Plaintiff is currently pursuing another case in the federal district court arising from the January 2017 Idaho prison assault, Case No. 1:19-cv-00271-BLW. The Court concludes that it would appropriate for Plaintiff to bring his failure-to-protect claims against Idaho prison officials in that suit. Plaintiff already has been ordered to amend his Complaint in that action. He should include his failure-to-protect claims from this action in the amended complaint in that action. The failure-to-protect claims brought here are unrelated to the subject matter of the detainer claims.

In this action, Plaintiff will be required to file an amended complaint containing only his detainer claims. For each cause of action against each defendant, Plaintiff shall state the following: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates

on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. Failure to file an amended complaint within the deadline will result in dismissal of this case without prejudice, without further notice to Plaintiff.

## ORDER

**IT IS ORDERED:**

1. Within 30 days after entry of this Order, Plaintiff shall file an amended complaint, together with a motion to amend. The amended complaint must contain claims regarding only the detainer.

2. Within the time frame set by Judge Winmill in Case No. 1:19-cv-00271-BLW, Plaintiff shall file an amended complaint that contains any of his failure-to-protect claims in this action.

3. The Clerk of Court shall mail a courtesy copy of this Order to Mark Kubinski to inform him that Plaintiff's amended complaint in Case No. 1:19-cv-00271-BLW will contain additional related claims.

4. Plaintiff's Motion for Permission to Proceed on Partial Payment of Court Fees (Dkt. 7) is DENIED. A separate order regarding fees will issue with this Order.

5. Plaintiff's Motion for Amendum [sic] to Claim (Dkt. 8) is DENIED as MOOT. All factual allegations and exhibits related to the failure-to-protect claims shall be brought in Case No. 1:19-cv-00271-BLW.

DATED: November 19, 2019

_____
David C. Nye
Chief U.S. District Court Judge