UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOSSE,<br><br>          Plaintiff,<br><br>vs.<br><br>DEPUTY CHIEF WARDEN RANDY BLADES, ICIO-WARDEN CARLIN, ICC-WARDEN McKAY, WARDEN CHRISTIANSEN, CONTRACTS WARDEN HIGGIN,<br><br>          Defendants. | Case No. 1:19-cv-00270-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Michael E. Bosse, a prisoner in custody of the Idaho Department of Correction (IDOC), filed a civil rights action containing failure to protect claims and detainer claims. The Court entered an Initial Review Order requiring Plaintiff to file an amended complaint containing only his detainer claims. Dkt. 10. Plaintiff has filed a Motion to Amend the Complaint and a proposed Amended Complaint with supporting exhibits. Dkts. 11, 12, 12-1 to -3.

      After reviewing the Amended Complaint, the Court has determined that Plaintiff may proceed to the next stage of litigation on his claims.

# REVIEW OF MOTION TO AMEND
# AND AMENDED COMPLAINT

1.      **Factual Allegations**

On February 8, 2017, the IDOC issued a written notice to Plaintiff that a Montana detainer had been lodged against him on criminal charges and an arrest warrant pending in Montana. Dkt. 12-3, p. 6. On or about October 1, 2018, Plaintiff learned that some of Idaho's prisoners would be sent to Texas to alleviate overcrowding. Dkt. 11-1, p. 1. At that time, he had a Montana detainer lodged against him. In October 2018, Plaintiff submitted "paperwork to be released" into Montana custody to Warden Carlin. He asked Idaho officials to send him to Montana to answer charges under the detainer, rather than send him to Texas. He alleges that Idaho officials ignored his request and sent him to Texas. In February 2019, he submitted similar paperwork to Deputy Chief of Prisons Randy Blades. Dkt. 12-3, p. 2.

Plaintiff asserts that, on March 25, 2019, he mailed a request to the Montana clerk of court: "I Michael E Bosse here by request that you come get me from Idaho Dept of Corrections, and to cure the disposition of this case BDC-16-482 for final disposition" (verbatim). Dkt. 12-3, p. 2.; Dkt. 11-3, p. 6. On April 18, 2019, the state of Montana dismissed the charges against Plaintiff, on grounds that he had been convicted of a crime in Idaho, was 59 years old, had a discharge date of May 4, 2046, and that it "would be a waste of precious judicial and state resources to bring the defendant back to Montana for trial on these charges since he is serving what amounts to a life sentence in Idaho." Dkt. 11-3, pp. 8-9. On April 26, 2019, the state district court judge in Montana entered an order

quashing the warrant for Petitioner's arrest. Dkt. 11-3, p. 3. On April 30, 2019, the Idaho Department of Correction received a request for cancellation of the IAD detainer. *Id.*, p. 11.

Plaintiff brings suit under 42 U.S.C. § 1983 against Warden Carlin, Randy Blades. He seeks monetary and injunctive relief.

2.  **Standard of Law**

    A.  ***Pleading Standards***

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting

under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. § 2.

### B. Law governing Detainers

Because the IAD is a compact among the states sanctioned by Congress under Art. 1, § 10, cl. 3 of the United States Constitution, a violation of the terms of the IAD can be the basis for a civil rights lawsuit under 42 U.S.C. § 1983. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981). However, "[m]erely the fact that § 1983 applies ... does not establish either that § 1983 has been violated or that the courts must automatically permit the action to proceed." *Wallace v. Hewitt*, 428 F. Supp. 39, 42 (M.D. Pa. 1976).

Cases applying § 1983 principles are few and far between. To state a claim, a plaintiff must allege that he properly invoked the IAD procedures by completing the proper IAD forms after a detainer a lodged against him. *See Barnett v. Clark*, 2008 WL 189856 (E.D. Tenn. Jan. 22, 2008) (unpub). A necessary element of Plaintiff's claim is to allege damages flowing from Defendants' acts. *See Tungate v. Thomas*, 45 F.33d.Appx. 502, 505 (6th Cir. 2002)(unpub.); *Wallace v. Hewitt*, 428 F. Supp. at 42.

The Idaho Court of Appeals has succinctly explained the IAD detainer process as follows:

> The IAD sets forth procedures by which a state with untried charges pending against a defendant (the receiving state) may request and obtain temporary custody from a state in which the defendant is then incarcerated (the sending state) and establishes time limits for commencement of the defendant's

> trial in the receiving state. *See* I.C. § 19-5001. Once a detainer has been lodged against a defendant by the receiving state, the defendant may initiate proceedings to require the defendant's transfer to that state for resolution of the charges there. The defendant's right to a speedy resolution of the charges in the receiving state is governed by I.C. § 19-5001(c). Pursuant to subsection (c)(1), a defendant is required to be brought to trial within 180 days after the defendant shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the defendant's imprisonment and the defendant's request for a final disposition of the untried charges. *The written notice and request for final disposition shall be given or sent by the defendant to the warden, commissioner of corrections or other official having custody of the defendant, who is required to promptly forward the written notice and request for final disposition to the appropriate prosecuting official and court*. I.C. § 19-5001(c)(2).

*Peterson v. State*, 73 P.3d 108, 110–11 (Idaho Ct. App. 2003) (emphasis added). "If a defendant is not brought to trial within the applicable statutory period, the IAD requires that the indictment [or information] be dismissed with prejudice. Art. V(c)." *New York v. Hill*, 528 U.S. 110, 112 (2000) (parenthetical added).

4. **Discussion**

The Montana charges were dismissed without prejudice. *If* Plaintiff had been able to follow the proper IAD procedures *and* Montana failed to bring him to trial on the charges within 180 days, Plaintiff could have demanded that the charges be dismissed with prejudice—meaning that they could never be brought in the future. As it stands, it appears that the Montana charges could be renewed if the prosecutor chose to do so. *See* Dkt. 12-3, p. 8 (prosecutor's motion to dismiss charges without prejudice). If Idaho prison officials

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5

interfered with Plaintiff's ability to follow the proper IAD procedures, as he alleges, he has a cause of action against them.

Plaintiff is not entitled to seek release or credit against his sentence as a remedy in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus.").

## 5. Conclusion

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion To Amend Complaint (Dkt. 11) is GRANTED.

2. Plaintiff may proceed on his § 1983 claims based on alleged violations of the IAD against Defendants Deputy Chief Warden Randy Blades, Warden Carlin, Warden McKay, Warden Christiansen, and Contracts Warden Higgins.

3. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided

by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 12, including 12-1 to 12-3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of **Defendants Deputy Chief Warden Randy Blades, Warden Carlin, Warden McKay, Warden Christiansen, and Contracts Warden Higgins**.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service

addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Any further amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: May 1, 2020

_____
David C. Nye
Chief U.S. District Court Judge