UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOSSE,<br><br>             Plaintiff,<br><br>vs.<br><br>DEPUTY CHIEF WARDEN RANDY BLADES, ICIO-WARDEN CARLIN, ICC-WARDEN McKAY, WARDEN CHRISTIANSEN, CONTRACTS WARDEN HIGGINS,<br><br>             Defendants. | Case No. 1:19-cv-00270-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in Plaintiff Michael E. Bosse's prisoner civil rights matter are several motions of the parties that are ripe for adjudication, including a Motion for Dismissal or Summary Judgment filed by Defendants that requests dismissal of this entire case. (Dkt. 28.) The pending motions are fully briefed or have been mooted by decisions on other pending motions. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 26.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The operative pleading in this matter is the Amended Complaint. (Dkt. 12.)

**MEMORANDUM DECISION AND ORDER - 1**

Having reviewed the record in this matter, the Court concludes that oral argument is unnecessary. Because the exhaustion issue may require an evidentiary hearing to resolve, the Court has decided instead to revisit whether the claims have merit. The Court preliminarily concludes that they do not. Therefore, the Court enters the following Order requiring Plaintiff to respond to show why this case should not be dismissed for failure to state a claim upon which relief can be granted.

## SCREENING STANDARD FOR PRISONER COMPLAINTS

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

**CONSIDERATION OF DISMISSAL ON 28 U.S.C. § 1915(e)(2) GROUNDS**

Plaintiff's claims are that Defendants, who are IDOC officials, ignored his requests to file an Interstate Agreement on Detainers Act (IAD) request for disposition regarding Montana charges that were the subject of a detainer. However, Plaintiff subsequently resolved this issue on his own without suffering any harm.

Because the IAD is a compact among the states sanctioned by Congress under Art. 1, § 10, cl. 3 of the United States Constitution, a violation of the terms of the IAD can be the basis for a civil rights lawsuit under 42 U.S.C. § 1983. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981). However, "[m]erely the fact that § 1983 applies ... does not establish either that § 1983 has been violated or that the courts must automatically permit the action to proceed." *Wallace v. Hewitt*, 428 F. Supp. 39, 42 (M.D. Pa. 1976).

On February 8, 2017, the IDOC issued a written notice to Plaintiff that a Montana detainer had been lodged against him and an arrest warrant pending in Montana. (Dkt. 12-3, p. 6.)

On or about October 1, 2018, Plaintiff learned that some of Idaho's prisoners would be sent to Texas to alleviate overcrowding. (Dkt. 11-1, p. 1.) At that time, Plaintiff still had the Montana detainer lodged against him. Plaintiff thought he was exempt from the relocation because notices posted around the prison said prisoners with detainers were ineligible for out-of-state transfer.

**MEMORANDUM DECISION AND ORDER - 3**

In October 2018, Plaintiff submitted to IDOC Warden Carlin "paperwork to be released" into Montana custody. He found out that he was slated to be transferred to Texas and asked Idaho officials to send him to Montana instead to answer charges under the detainer.

On October 3, 2018, Plaintiff's case manager, T.M. Cintos, discussed with Plaintiff the possible move to Texas. Plaintiff told Cintos that he was thinking of refusing the move so as, among other reasons, to facilitate his Idaho court action to reduce his sentence and to resolve his Montana detainer. Cintos told Plaintiff that if he was selected for Texas, the officials there "would be able to accommodate his court hearings or other needs." Cintos reported that Plaintiff said, "Okay," and returned to his unit. (Dkt. 28-5, pp. 2-3.)

Plaintiff says that he sent grievances about the IAD issue to various Idaho officials on March 4, 2019, March 17, 2019, and April 2, 2019, but he received no responses. (Plaintiff's Exh. 50-M, Dkt. 12-3, pp. 23-25.)

On March 25, 2019, Plaintiff decided to use self-help, bypassing the IDOC, and he mailed an IAD request to the Montana clerk of court: "I Michael E Bosse here by request that you come get me from Idaho Dept of Corrections, and to cure the disposition of this case BDC-16-482 for final disposition" (verbatim). (Dkt. 12-3, p. 2.; Dkt. 11-3, p. 6.) This request invoked the 180-day time period for the Montana state prosecutor to either (1) bring the defendant to trial on the charges, or (2) (a) dismiss the charges without prejudice and (b) remove the detainer. The "dismissal *with prejudice*" sanction specified in the IAD statute applies only if the 180-day period ends *and* the prosecutor has not

**MEMORANDUM DECISION AND ORDER - 4**

either brought Plaintiff to trial or voluntarily dismissed the charges. In *State v. Tarrant, 772 N.W.2d 750, 756–57* (Ct App. Wis. 2009), the court explained that both dismissal of the criminal charge and removal of the detainer:

> [T]he withdrawal of the detainer must be accompanied by the dismissal of the charges if the time limits of the IAD are to be avoided. This makes sense, because a prisoner who responds to the lodging of a detainer by filing an Inmate's Notice of Place of Imprisonment and Request for Disposition ... is demanding a prompt and final disposition of the underlying charges. A final disposition can only be achieved by a trial or dismissal of the charges. It is only after the charges "have gone away" that the prisoner is no longer exposed to the detrimental effects of pending criminal charges.

*Id*. at 756-57; *see Pitts v. Maryland*, 45 A.3d 872 (2012)(same); *United States v. Donaldson*, 978 F.2d 381, 390 (7th Cir. 1992)("The Act's protection does not extend to Donaldson, however, because he was not held by state authorities subject to a federal detainer for more than 180 days after he requested a speedy disposition of the federal charges. Here, the charges were resolved by dismissal of the complaint within 180 days of Donaldson's speedy trial motion. (The motion was filed December 1, 1988, the complaint was dismissed and the detainer withdrawn on February 16, 1989.)").

As to Plaintiff's case, on April 18, 2019 – less than a month after he requested final disposition – the state of Montana dismissed the charges against him citing grounds that he had been convicted of a crime in Idaho, was 59 years old, had a discharge date of May 4, 2046, and that it "would be a waste of precious judicial and state resources to bring the defendant back to Montana for trial on these charges since he is serving what amounts to a life sentence in Idaho." (Dkt. 11-3, pp. 8-9.) On April 26, 2019, the

**MEMORANDUM DECISION AND ORDER - 5**

Montana court entered an order quashing the warrant for Plaintiff's arrest. (Dkt. 11-3, p. 3.) On April 30, 2019, the Idaho Department of Correction received a request for cancellation of the IAD detainer. (*Id.*, p. 11.)

Therefore, the Court reconsiders this claim under the screening provisions of 28 U.S.C. § 1915(e)(2) because: (1) Plaintiff took action to obtain final disposition of the Montana IAD himself; (2) he did obtain final disposition—dismissal of the charges without prejudice and cancellation of the detainer within the IAD disposition deadline period; and (3) under relevant case law, he would be entitled to dismissal with prejudice only if the Montana prosecutor had refused to bring him to trial or refused to dismiss the charges (with or without prejudice) within the IAD deadline, which did *not* occur.

The Court finds and concludes that, under these undisputed facts, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff suffered no injury, damage, or prejudice, and his own action, combined with the rapid action of the Montana prosecutor and court, mooted his claim against Idaho prison officials. The Court will provide the parties with a 14-day period in which to respond to this Order, after which the Court will determine whether to make this Order final and dismiss this case with prejudice for failure to state a claim.

# ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss or for Summary Judgment (Dkt. 28) is DEEMED MOOT.

2. Plaintiff may file a response to this Order within **14 days**, and Defendants may thereafter file a reply within **14 days** of the response.

3. Plaintiff's Motion for Extension of Time to File a Response to the Motion to Dismiss or for Summary Judgment (Dkt. 31) is GRANTED.

4. Plaintiff's Motion to Compel Interrogatories and Subpoena Governor Butch Otter (Dkt. 32) is DENIED as MOOT.

5. Plaintiff's Motion to Grant a Preliminary Injunction against Defense Counsel and Defendants, IDOC (Dkt. 42) is DENIED as MOOT.

6. Plaintiff's Motion to Appoint Counsel (Dkt. 22) is DENIED because the claims appear subject to dismissal.

DATED: May 25, 2021

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge