UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MICHAEL E. BOSSE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DEPUTY CHIEF WARDEN RANDY BLADES, ICIO-WARDEN CARLIN, ICC-WARDEN McKAY, WARDEN CHRISTIANSEN, CONTRACTS WARDEN HIGGINS,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00270-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Earlier in this matter, United States Magistrate Judge Ronald E. Bush ordered Plaintiff Michael E. Bosse to show cause why the Amended Complaint (Dkt. 12) should not be dismissed for failure to state a claim upon which relief can be granted. (Dkt. 45.) In response, the parties filed supplemental briefing. (Dkts. 46, 49.) This case was reassigned to this Court upon Judge Bush's retirement. (Dkt. 47.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 26.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

　　　　Having reviewed the record in this matter, the Court concludes that oral argument is unnecessary. Therefore, the Court enters the following Order dismissing this case.

**MEMORANDUM DECISION AND ORDER - 1**

## SCREENING STANDARD FOR PRISONER COMPLAINTS

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation. 28 U.S.C. § 1915(e)(2)(B).

## CONSIDERATION OF DISMISSAL ON 28 U.S.C. § 1915(e)(2) GROUNDS

**1.    Judge Bush's Notice to the Parties of Intention to Dismiss Action**

Plaintiff, a convicted felon in custody of the Idaho Department of Correction (IDOC), alleges that IDOC officials ignored his direction to file an Interstate Agreement on Detainers Act (IAD) request on his behalf for disposition of Montana charges that were the subject of a detainer. However, Plaintiff subsequently resolved this issue on his own within the required resolution time frame. Judge Bush notified the parties of the reasons that dismissal appeared appropriate, which the Court repeats here.

Because the IAD is a compact among the states sanctioned by Congress under Art. 1, § 10, cl. 3 of the United States Constitution, a violation of the terms of the IAD can be the basis for a civil rights lawsuit under 42 U.S.C. § 1983. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981). However, "[m]erely the fact that § 1983 applies ... does not establish

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**MEMORANDUM DECISION AND ORDER - 2**

either that § 1983 has been violated or that the courts must automatically permit the action to proceed." *Wallace v. Hewitt*, 428 F. Supp. 39, 42 (M.D. Pa. 1976).

On February 8, 2017, the IDOC issued a written notice to Plaintiff that a Montana detainer had been lodged against him and an arrest warrant pending in Montana. (Dkt. 12-3, p. 6.)

On or about October 1, 2018, Plaintiff learned that some of Idaho's prisoners would be sent to Texas to alleviate overcrowding. (Dkt. 11-1, p. 1.) At that time, Plaintiff still had the Montana detainer lodged against him. Plaintiff thought he was exempt from the relocation because notices posted around the prison said prisoners with detainers were ineligible for out-of-state transfer.

In October 2018, Plaintiff submitted to IDOC Warden Carlin "paperwork to be released" into Montana custody. He found out that he was slated to be transferred to Texas and asked Idaho officials to send him to Montana instead to answer charges under the detainer.

On October 3, 2018, Plaintiff's case manager, T.M. Cintos, discussed Plaintiff's possible move to Texas with him. Plaintiff told Cintos that he was thinking of refusing the move for, among other reasons, to facilitate his Idaho court action to reduce his sentence and to resolve his Montana detainer. Cintos told Plaintiff that if he was selected for Texas, the officials there "would be able to accommodate his court hearings or other needs." Cintos reported that Plaintiff said, "Okay," and returned to his unit. (Dkt. 28-5, pp. 2-3.)

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiff says that he sent grievances about the IAD issue to various Idaho officials on March 4, 2019, March 17, 2019, and April 2, 2019, but he received no responses. (Plaintiff's Exh. 50-M, Dkt. 12-3, pp. 23-25.)

On March 25, 2019, Plaintiff decided to use self-help, bypassing the IDOC, and he mailed an IAD request to the Montana clerk of court: "I Michael E Bosse here by request that you come get me from Idaho Dept of Corrections, and to cure the disposition of this case BDC-16-482 for final disposition" (verbatim). (Dkt. 12-3, p. 2.; Dkt. 11-3, p. 6.)

Under the law, this request invoked the 180-day time period for the Montana state prosecutor to either (1) bring the defendant to trial on the charges, or (2) (a) dismiss the charges without prejudice and (b) remove the detainer. The "dismissal *with prejudice*" sanction specified in the IAD statute applies *only* if the 180-day period ends *and* the prosecutor has not either brought Plaintiff to trial or voluntarily dismissed the charges. In *State v. Tarrant,* 772 N.W.2d 750, 756–57 (Ct App. Wis. 2009), the court explained that both dismissal of the criminal charge and removal of the detainer:

> [T]he withdrawal of the detainer must be accompanied by the dismissal of the charges if the time limits of the IAD are to be avoided. This makes sense, because a prisoner who responds to the lodging of a detainer by filing an Inmate's Notice of Place of Imprisonment and Request for Disposition ... is demanding a prompt and final disposition of the underlying charges. A final disposition can only be achieved by a trial or dismissal of the charges. It is only after the charges "have gone away" that the prisoner is no longer exposed to the detrimental effects of pending criminal charges.

*Id*. at 756-57; *see Pitts v. Maryland*, 45 A.3d 872 (2012)(same); *United States v. Donaldson*, 978 F.2d 381, 390 (7th Cir. 1992) ("The Act's protection does not extend to

**MEMORANDUM DECISION AND ORDER - 4**

Donaldson, however, because he was not held by state authorities subject to a federal detainer for more than 180 days after he requested a speedy disposition of the federal charges. Here, the charges were resolved by dismissal of the complaint within 180 days of Donaldson's speedy trial motion. (The motion was filed December 1, 1988, the complaint was dismissed and the detainer withdrawn on February 16, 1989.)").

In Plaintiff's case, on April 18, 2019, less than a month after he requested final disposition, the state of Montana dismissed the charges against him citing grounds that he had been convicted of a crime in Idaho, was 59 years old, had a discharge date of May 4, 2046, and that it "would be a waste of precious judicial and state resources to bring the defendant back to Montana for trial on these charges since he is serving what amounts to a life sentence in Idaho." (Dkt. 11-3, pp. 8-9.) On April 26, 2019, the Montana court entered an order quashing the warrant for Plaintiff's arrest. (Dkt. 11-3, p. 3.) On April 30, 2019, the Idaho Department of Correction received a request for cancellation of the IAD detainer. (*Id*., p. 11.)

Judge Bush determined that the record showed (1) Plaintiff took action to obtain final disposition of the Montana IAD himself; (2) he did, in fact, obtain final disposition—dismissal of the charges without prejudice and cancellation of the detainer within the IAD disposition deadline period; and (3) under relevant case law, he would have been entitled to dismissal with prejudice only if the Montana prosecutor had refused to bring him to trial or refused to dismiss the charges (with or without prejudice) within the IAD deadline, which did *not* occur. Judge Bush concluded that, under these undisputed facts, Plaintiff failed to state a claim upon which relief can be granted. Judge

**MEMORANDUM DECISION AND ORDER - 5**

Bush further noted that Plaintiff suffered no injury, damage, or prejudice, and that his own action, combined with the quick action of the Montana prosecutor and court, mooted his claim against Idaho prison officials.

**2.     The Parties' Supplemental Briefing**

Plaintiff responded to Judge Bush's Order by arguing that claims for "money damages are not ever moot, for injuries you have already sustained." (Dkt. 46, p. 2.) He asserts that he was deprived of the opportunity to potentially have the case dismissed with prejudice, and that he has been caused undue stress and the possibility of having to spend money in the future if the Montana charges against him are reasserted. It is generally true that damages for injuries already sustained often are not moot, but Plaintiff misses the important threshold point raised by Judge Bush—that Plaintiff's cause of action for damages never accrued.

A cause of action under the IAD accrues only if a receiving state fails, within 180 days of receiving an IAD request, to either: (1) bring a charged individual to trial; or (2) dismiss the charges against him with or without prejudice. *See* Order at Dkt. 45, p. 6. In Plaintiff's case, the record is clear that the state of Montana dismissed the criminal charges against Plaintiff about 30 days after receiving Plaintiff's request. At most, during the 180 days Plaintiff was entitled to *one* of the following, but not *his choice* of the following: trial on the charges, dismissal of the charges with prejudice, or dismissal of the charges without prejudice. He received the remedy of dismissal of the charges without prejudice within the required time frame. No constitutional violation occurred; therefore,

Plaintiff's cause of action did not accrue, and, hence, he cannot assert a claim for damages on a cause of action that never accrued.[1]

## PLAINTIFF'S PREMATURE REQUEST FOR APPEAL

Prior to entry of this Order, Plaintiff filed what appears to be a notice of appeal, but it does not specify what is being appealed. (Dkt. 51.) On the date of filing, there was no final order to appeal. Hence, the Court deems the request moot. This Order constitutes a final appealable order, and, therefore, Plaintiff is notified that he has 30 days after its entry to file a new notice of appeal from this Order.

## ORDER

IT IS ORDERED:

1. Plaintiff's Amended Complaint (Dkt. 12), and this entire action, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff's premature request for appeal (Dkt. 51) is deemed MOOT.

3. This Order constitutes a final appealable order. Plaintiff has 30 days after its entry to file a new notice of appeal from this Order. Plaintiff's in forma pauperis status continues on appeal unless revoked by the United States Court of Appeals for the Ninth Circuit.

---

[1] The Court also agrees with Defendants that Plaintiff has no cause of action for being transported to Texas against his will. There is no constitutional right to be housed in a particular unit in prison or the facility of one's choice. *See Meachum v. Fano*, 427 U.S. 215, 255 (1976), and *McCune v. Lile*, 536 U.S. 24, 38 (2002).

**MEMORANDUM DECISION AND ORDER - 7**



DATED: October 12, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 8